# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 13CR1775 WQH |
| Plaintiff, | ORDER |
| vs. | |
| AMBER ELDER, | |
| Defendant. | |

HAYES, Judge,

The matter before the Court is the Motion to Revoke the Detention Order (ECF No. 27) filed by Defendant Amber Elder.

## FACTS

On April 17, 2013, Defendant was arrested at the Interstate 8 westbound check point in Pine Valley, California and place under arrest for a violation of 8 U.S.C. 1324 alien smuggling.

On April 18, 2013, Defendant was brought before a United States Magistrate Judge for an initial appearance. Defendant was appointed counsel.

On April 24, 2013, Defendant appeared with counsel before the Magistrate Judge. The Magistrate Judge set bond as no bail and set a further detention hearing for April 26, 2013. Counsel for Defendant moved to continue the detention hearing.

On May 7, 2103, the United States Magistrate Judge held a detention hearing.

The Court moved to detain Defendant pending trial based upon a risk of flight. Defendant requested release upon a personal appearance bond in the amount of $10,000, secured by one signature "which would likely be" Defendant's father's live-in girlfriend. (ECF No. 37 at 9). Defendant relied upon her deep ties to the San Diego area, her lack of a serious criminal history, and her efforts to seek drug treatment through her membership in Alcoholics Anonymous to support her release on the proposed bond.

The Magistrate Judge stated "the burden is on the Court to establish by a preponderance of the evidence that [the defendant is] a flight risk in order to be detained." (ECF No. 37 at 9). The Magistrate Judge concluded that the bond package presented by defendant was insufficient to assure the her appearance and that no conditions can adequately assure the Defendant's presence at future proceedings. The Magistrate Judge specifically relied upon Defendant's history of failures to appear and her substance abuse problems. The Magistrate Judge reviewed the occasions from age 19 to age 20 in which the Defendant failed to appear on multiple cases of disorderly conduct and summarized: "So all together on five separate cases, you have failed to appear five, six, ten times and probation was revoked multiple times in those five cases." (ECF No. 37 at 10). The Magistrate Judge noted that the Defendant moved to North Carolina when she turned 22, that the Defendant was charged with larceny in North Carolina, and that the Defendant "again failed to appear." *Id*. at 11. The Magistrate Judge then noted that the Defendant returned to Oceanside earlier this year when she was 24 and was charged in a case that was later dismissed "but there was a failure to appear after a written promise to appear." *Id*. The Magistrate Judge concluded that the Defendant has a "history of not appearing." *Id*.

The Magistrate Judge noted that the Defendant has a drinking problem specifically noting her history of underage drinking and numerous arrests for public intoxication. The Magistrate Judge concluded:

> So based on your history and characteristics ... or the lack of a sufficient bond package, I find that there is a preponderance of ... evidence to detain

> you, that there are no conditions or combination of conditions that –that would guarantee or at least persuade you to return to court for future court appearances. There's –you clearly have a drug problem, an alcohol problem, and for all those reasons I'm ordering you detained and held in custody without bail. This order is entered without prejudice.

(ECF No. 37 at 12).

On May 10, 2013, Defendant filed the motion to revoke the order of detention. Defendant contends that the Magistrate Judge improperly shifted to her the burden to establish that she was not a flight risk and failed to consider numerous conditions short of detention that would assure her appearance at future proceedings.

On May 17, 2013, the Magistrate Judge entered a Detention Order. The Order addressed the weight of the evidence, the history and characteristics of the Defendant, and the nature and seriousness of danger posed by release. The Order concluded in part that "Defendant's past conduct gives the court no confidence that she will return to Court as ordered if released." (ECF No. 35 at 3).

On May 17, 2013, an Information was filed charging that the Defendant knowingly transported an alien within the Southern District of California in violation of 8 U.S.C. § 1324(a)(1)(ii) and (v)(II).

On May 22, 2013, this Court held a hearing on the Defendant's motion to revoke the order of detention.

## APPLICABLE LAW

The Bail Reform Act of 1984 permits pretrial detention of a defendant only where it is demonstrated either that there is a risk of flight or no assurance that release is consistent with the safety of another person or community. 18 U.S.C. § 3142 *et seq*. The evidence in the record must establish the risk of flight by a clear preponderance of the evidence and must demonstrate that there is no condition, or combination of conditions, that would reasonably assure Defendant's appearance at future proceedings if released on bond. *See United States v. Motamedi*, 767 F.2d 1403, 1406-07 (9th Cir. 1985). This Court reviews the evidence "de novo" and makes its own determination whether to modify the detention order. *United States v. Keonig*, 912 F.2d 1190, 1192-

1  93 (9th Cir.1990).  The Court takes into account all available information concerning
2  the factors set forth in § 3142(g) in determining whether there are conditions of release
3  that will reasonable assure the appearance of the Defendant including the nature and
4  circumstances of the offense charged, the weight of the evidence, and the history and
5  characteristics of the Defendant.  The weight of the evidence is the least important of
6  the various factors, but it is a factor to be considered under §3142(g)(2).  *See United*
7  *States v. Honeyman,* 470 F.2d 473, 474 (9th Cir. 1972).

## RULING OF THE COURT

The Magistrate Judge found the charge in this case was a "serious offense." (ECF No. 35 at 1). The Magistrate Judge found the weight of the evidence against the Defendant was "strong although the least important factor." *Id*. at 2. The Magistrate Judge reviewed the history and characteristics of the Defendant and found that her United States citizenship and strong local ties weigh in favor of bond. The Magistrate Judge found:

> Defendant was unemployed in the six months before her arrest although counsel for Defendant proffered she has had steady employment in the past. This factor weighs in favor of detention.
>
> Defendant has a lengthy criminal record, starting in 2005 at the age of 16 with multiple misdemeanor convictions, 10 in all.  Most notably Defendant has 12 Failures of Appear and 21 Probation Revocations associated with these 10 misdemeanor cases. This factor weighs in favor of detention.
>
> Defendant has a substantial alcohol abuse problem as evidenced by her misdemeanor convictions as well as a history of drug abuse as reflected in the Pretrial Services Report. Counsel for Defendant proffered that Defendant is getting her drinking problem under control. This factor weighs in favor of detention.
>
> Defendant has not presented any facts demonstrating substantial financial resources or assets in the United States.  Defendant failed to present an acceptable or sufficient bond proposal. This factor weighs in favor of detention.

(ECF No. 35 at 2).

There is no indication in the record that the Magistrate Judge improperly shifted the burden to the Defendant in this case. The Magistrate Judge stated on the record that "the burden is on the Court to establish by a preponderance of the evidence that [the

defendant is] a flight risk in order to be detained." (ECF No. 37 at 9). As required by 18 U.S.C. § 3142(f), the Magistrate Judge reviewed the facts in the record directly related to the Defendant's risk of flight and considered the proposed conditions of release. This Court held a hearing on the motion to revoke the detention order and reviewed de novo all of the facts in the record in this case. Defendant did not contest the accuracy of any facts relied upon by the Magistrate Judge to conclude that the bond proposal was insufficient. The only additional information offered at the hearing was the proposal that the Defendant's father would sign on the $10,000 appearance bond along with his live-in girlfriend.

Each of the factors set forth in Section 3142(g) were considered by the Magistrate Judge and reviewed de novo by this Court. This is a serious felony offense carrying a maximum sentence of ten years imprisonment under 8 U.S.C. § 1324(a)(1)(A)(ii). Defendant may be subject to an increased guideline level for a substantial risk of serious bodily injury under United States Sentencing Guidelines §2L1.1(b)(6). Defendant has lengthy criminal history and a significant history of failing to appear at court proceedings. Since 2006, Defendant has at least ten misdemeanor convictions for public intoxication and larceny and 21 probation violations associated with these prior convictions. The Pretrial Services Report shows that Defendant failed to appear twelve times in the prior cases. Defendant has an active and serious alcohol and substance abuse problem evidenced by her past criminal record and the Pretrial Services Report. Defendant has no current employment, no current residence, and no financial resources. Defendant has local family ties in the local community which the Pretrial Services Report shows are strained by her past conduct. Based upon the record, this Court concludes that the evidence of the Defendant's past conduct and her current circumstances demonstrates by a clear preponderance that there are no conditions of release at this time that will adequately assure the Defendant's presence at future proceedings if she is released.

IT IS HEREBY ORDERED that Motion to Revoke the Detention Order (ECF No. 27) is denied without prejudice.

DATED: May 23, 2013

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge